THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, v. CAYETANO CÁCERES, Defendant and Appellant.

No. 10951.   Argued November 8, 1945.—Decided November 14, 1945.

*Celestino Iriarte* and *Rafael A. González* for appellant. *E. Campos del Toro,* Acting Attorney General, *L. Negrón Fernández,* Assistant Attorney General, and *J. Rivera Barreras* for appellee.

Mr. Justice Snyder delivered the opinion of the court.

The defendant has appealed from a judgment of the district court sentencing him to 30 days in jail for abandonment of a minor. The charge is that he failed to support his alleged natural child, who was three years and eight months of age at the time the complaint was filed in August, 1944. The only issue before us is whether the evidence was sufficient to sustain the conviction.

The mother of the child testified that she lived in the house of the defendant beginning in 1932 for six and a half years; that she left the house of the defendant because she was pregnant; that she had "sexual relations" with the defendant, and that she had a child by him; that the defendant told her "when the law for recognition of children was approved, he would recognize him; that he has not done it, and besides has not furnished any support for the child"; that when she requested such support, the defendant kept saying "afterwards".

The only other witness who testified in the case was the brother of the mother, who testified that on one occasion the defendant came to the house of his sister to see the child, but said nothing about the child except "that he was getting big".

As we have held in the past, the testimony of the mother, without any corroboration, *may* be sufficient for conviction of a charge of this nature. *People* v. *De Jesús,* 57 P.R.R. 694; *People* v. *Irizarry,* 59 P.R.R. 936; *People* v. *Bernabe,* 63 P.R.R. 385. The mother's testimony, however, does not *ipso facto* require conviction. Like other testimony, it may result in a deficiency of proof. We pointed this out in the *De Jesús* case at pp. 698–9, when we quoted with aproval our lang-

uage in *People* v. *Rotger*, 53 P.R.R. 133, 135–6, that "Since it does not appear from the evidence that at the time the child was conceived the accused lived in concubinage with the complainant *nor that he had sexual contact with her withing any determined date within the period of gestation. . . . . the evidence does not show beyond a reasonable doubt that the appellant is the father of the child.*"

In view of the fact that the mother never specified, even approximately, the date or dates on which the alleged sexual intercourse took place, we are unable, under the doctrine of the *Rotger* case, to see how the district court could have found beyond a reasonable doubt that the defendant was the father of the child.

The judgment of the district court will be reversed and a new judgment entered acquitting the defendant.